UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES LYSNE            CIVIL ACTION

VERSUS

LOUISIANA WINDOWS AND DOORS            NO.: 17-01612-BAJ-RLB
L.L.C., ET AL.

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 9)** filed by Defendants Louisiana Windows and Doors, L.L.C., Bailey Shivers and Todd Tauzin. Plaintiff James Lysne filed an opposition. (Doc. 12). For the following reasons, the **Motion to Dismiss (Doc. 9)** is **DENIED**.

### I. BACKGROUND

This case is about unpaid overtime wages. (Doc. 1). Plaintiff alleges that he worked in a Louisiana Windows and Doors warehouse earning $1,500 a week from February 1, 2016 to August 18, 2017. *Id.* at ¶ 5-6. Plaintiff claims that he routinely worked fifty to seventy-five hours per week, and was not paid overtime as required by the Fair Labor Standards Act ("FLSA"). *Id.* at ¶ 8-9. Plaintiff alleges that Bailey Shivers, a managing member of Louisiana Windows and Doors decided not to pay him overtime. *Id.* at ¶ 11. Plaintiff also alleges that Todd Tauzin, a member of Louisiana Windows and Doors, was also directly responsible for the decision not to pay him overtime. *Id.* at ¶ 12. Plaintiff alleges that Defendants knowingly and

1

willfully violated the FLSA to earn higher profits. *Id.* at ¶ 14. On November 6, 2017, Plaintiff sued Defendants under the FLSA. *Id.* at ¶ 14.

About three weeks before filing this action, Plaintiff sued Louisiana Windows and Doors in the 19th Judicial District Court, Parish of Easton Baton Rouge, Louisiana. (Doc. 12-1). In this state court suit, Plaintiff alleged that as of his last day of work, he had eight days of accrued vacation time, and that Louisiana Windows and Doors failed to pay him for these vacation days, as required by Louisiana law. *Id.* Plaintiff's state court suit did not include any allegations about unpaid overtime. *Id.*

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Products Liab. Litig*, 668 F.3d 281, 286 (5th Cir. 2012). Under Rule 12(b)(1) a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *Id.* (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A court should consider a Rule 12(b)(1) attack before addressing any challenge on the merits. *Id.*

## III. DISCUSSION

Defendants contend that the Court should abstain from exercising jurisdiction over this case based on the *Colorado River* doctrine. (Doc. 9). *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Colorado River

abstention is a narrow exception to a federal court's "virtually unflagging" duty to adjudicate a controversy that is properly before it. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014). It "may be applied when: a state proceeding is ongoing and is parallel to the federal proceeding; and, extraordinary circumstances caution against exercising concurrent federal jurisdiction." *Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 520 (5th Cir. 2017) (citing *Colorado River*, 424 U.S. at 817–19). There are six factors that courts must consider to determine whether exceptional circumstances warrant abstention.[1]

As a threshold matter, it is not clear that the state court lawsuit is even pending because it appears that the parties settled that case. (Docs. 9-1 at p. 5 and 12 at p. 1). The *Colorado River* doctrine applies only when there are *pending* parallel proceedings in federal and state court. *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 851 (5th Cir. 2009). Plaintiff asserts that the parties settled the state court suit in November of 2017. (Doc. 12 at p. 1). Defendants agree that the suit was settled, but without explanation they assert that "the state court action is still pending." (Doc. 9-1 at p. 5). Beyond statements made in their briefs, however, neither party provided the Court with evidence of a settlement agreement or evidence that the state court suit was dismissed. Without more evidence, the Court will assume that the state court matter is still pending.

---

[1] These factors are: "1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction." *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006).

After determining whether there are pending state and federal cases, courts must evaluate whether the state and federal actions are sufficiently parallel. *Lucien*, 756 F.3d at 797. The United States Court of Appeals for the Fifth Circuit has held that parallel actions are generally those "involving the same parties and the same issues," although the identity of the parties is not always dispositive. *Id.* At bottom, courts must "look both to the named parties and to the substance of the claims asserted in each proceeding." *Id.* (citing *Lumen Const., Inc. v. Brant Const. Co., Inc.*, 780 F.2d 691, 695 (7th Cir. 1985). The principle underpinning *Colorado River* abstention involves "considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation[.]" *Colorado River*, 424 U.S. at 817.

Here, Defendants only briefly discuss whether the state and federal lawsuits are sufficiently parallel. (Doc. 12 at p. 6). They contend that if the federal suit is not stayed or dismissed that both courts will be deciding the same legal and evidentiary issues. *Id.* On the other hand, Plaintiff contends that the state and federal actions are not sufficiently parallel to warrant *Colorado River* abstention. (Doc. 12 at p. 2). The Court agrees with Plaintiff. Both lawsuits address entirely distinct legal issues. In his state suit, Plaintiff seeks to recover for unpaid vacation time under Louisiana state law. (Doc. 12-1). By contrast, Plaintiff seeks to recover unpaid overtime in this federal action based on the FLSA. (Doc. 1). Additionally, although not dispositive, both suits have different Defendants. In state court, Plaintiff only sued Louisiana Windows and Doors. (Doc. 12-1). And here, Plaintiff sued Louisiana Windows and

4

Doors and Bailey Shivers and Todd Tauzin. (Doc. 12-1). In sum, whether Plaintiff recovers in his state lawsuit will have no impact on this suit because the substance of both suits are entirely different. One addresses unpaid overtime under the FLSA, and the other focuses on unpaid vacation time under Louisiana state law. Therefore, the Court need not invoke *Colorado River* abstention.

IV. CONCLUSION

Accordingly,

Defendant's **Motion to Dismiss (Doc. 9)** is **DENIED**.

Baton Rouge, Louisiana, this 27th day of April, 2018.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA