# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES O. LYSNE | CIVIL ACTION |
| VERSUS | |
| | NO. 17-1612-BAJ-RLB |
| LOUISIANA WINDOWS AND DOORS, L.L.C., ET AL. | |

## ORDER

Before the Court is Plaintiff's Motion to Compel (R. Doc. 19) filed on October 12, 2018. The motion is opposed. (R. Doc. 23).

Plaintiff served the interrogatories and requests for production at issue on August 15, 2018. (R. Doc. 19-3; R. Doc. 19-4). Responses were due on September 14, 2018. After Defendants did not respond to the discovery requests, the parties held a discovery conference on September 25, 2018, in which the parties extended Defendants' deadline to respond to the discovery requests to October 9, 2018. (R. Doc. 19 at 3). Plaintiff represents that Defendants did not provide responses as agreed. (R. Doc. 19 at 2).

Defendants filed an opposition on November 2, 2018. (R. Doc. 23). Defendants suggest that they did not provide timely responses because one of the Defendants "was out of town" and further represent that "[d]raft answers have been turned in and are being finalized by early next week." (R. Doc. 23 at 1).

Plaintiff served the discovery requests at issue over two months ago. Other than a vague representation that one of the Defendants "was out of town" at some point during the service of discovery and the filing of the instant motion, Defendants provide no explanation why timely discovery responses were not provided within the time agreed upon by the parties.

1

A party must respond or object to interrogatories and requests for production within 30 days after service. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to discovery requests made pursuant to Rule 33 or Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37.

If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion is filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court must not order this payment, however, if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make the award of expenses unjust." *Id*.

Three weeks after the filing of the instant motion, Defendants filed an "opposition" that fails to explain Defendants' failure to provide timely responses by the deadline agreed upon by the party and indicates that responses have still not been provided. Given the foregoing, the Court will grant the instant motion and require Defendants to provide full responses to Plaintiff's discovery requests, including an appropriate privilege log if applicable, within 7 days of the date of this Order.[1] Furthermore, the Court finds it appropriate to award Plaintiff the reasonable fees incurred in filing the instant motion.

---

[1] A finding of waiver of objections is generally appropriate where a party fails to timely respond to discovery requests. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("As a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or

2

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 19) is **GRANTED**. Defendants must provide full responses to Plaintiff's interrogatories and requests for production (R. Doc. 19-3; R. Doc. 19-4), including an appropriate privilege log if applicable, within **7 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to an award of the reasonable attorney's fees and costs incurred in bringing this Motion to Compel. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[2] Defendants shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Plaintiff shall, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Defendants shall, within 7 days of the filing of Plaintiff's Motion, file any opposition pertaining to the imposition of the amounts requested by Plaintiff.

Signed in Baton Rouge, Louisiana, on November 6, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

the work product privilege."). Given that Plaintiff has not sought waiver of Defendants' objections to the discovery requests at issue in the instant motion, the Court will not find waiver in this instance.

[2] This Court has previously found that a relatively modest award was reasonable under similar circumstances. *See Talley v. State Farm Mutual Automobile Ins. Co.,* No. 16-cv-406, ECF No. 15 (M.D. La. Dec. 9, 2016) ($250 award). The Court also recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.